710 A.2d 1036

BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MORRIS, PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT–RESPONDENT.

BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, PLAINTIFF–INTERVENOR/APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT–RESPONDENT.

BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, PLAINTIFF–INTERVENOR/APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 28, 1998—Decided May 18, 1998.

588

Before Judges PRESSLER, CONLEY and CARCHMAN.

*Ronald Kevitz,* Morris County Counsel, argued the cause for appellant County of Morris (*Mr. Kevitz,* on the brief).

*Robert G. Millenky,* Camden County Counsel, argued the cause for intervenor-appellant County of Camden (*Deborah Silverman Katz,* Assistant County Counsel, on the brief).

*Ellen D. Julis,* Assistant Bergen County Counsel, argued the cause for intervenor-appellant County of Bergen (*Murshell Johnson Bland,* Bergen County Counsel, attorney; *Ms. Julis,* on the brief).

*Jaynee LaVecchia,* Assistant Attorney General, argued the cause for respondent (*Peter Verniero,* Attorney General, attorney; *Ms. LaVecchia,* of counsel; *Karen A. DuMars,* on the brief).

*David A. Wallace,* Warren County Counsel, argued the cause for *amicus curiae,* County of Warren.

The opinion of the court was delivered by

CONLEY, J.A.D.

Plaintiffs appeal a judgment entered May 8, 1997, declaring that Article VI, § VIII, ¶ 1 of the *New Jersey Constitution,* adopted November 3, 1992, did not obligate the State to assume "the construction costs and any related borrowing costs of courthouses constructed, expanded or renovated after July 1, 1993." In his April 24, 1997 written opinion reported at 311 *N.J.Super.* 637, 710 *A.*2d 1060 (Law Div.1997), Judge Stanton concluded that it did not.

We have considered the contentions raised by the plaintiffs and *amicus curiae*. We reject their contentions and affirm for the reasons set forth by Judge Stanton in his reported opinion. Simply put, Article VI, § VIII, ¶ 1 imposes on the State "certain" judicial costs. Neither the definition of "judicial costs" nor the definition of excluded "judicial facility costs" contained in Article VI, § VIII, ¶ 1(b)(1) and (3) encompasses capital costs implicated in the construction, renovation or expansion of the courthouses. Thus, the only affirmative obligation of the State for judicial facility costs continues to be for the Supreme Court, Appellate Division, and the Chancery Division, other than the Family Part. *N.J.S.A.* 2B:6–1(a).